IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cynthia E. Miner,                                                     Case No. 1:05CV0703

        Plaintiff

    v.                                                                               ORDER

Hirschbach Motor Lines, Inc. et al.,

        Defendant

    This suit arises from a motor vehicle accident on the Ohio Turnpike near milepost 51 near Swanton, Ohio. A truck driven by the defendant Young left the westbound lanes in which he was traveling, crossed the median, and collided with eastbound vehicles. Among the victims was the plaintiff's decedent, who was driving in an eastbound lane.

    In addition to the driver and owner of the truck, who are not residents of Ohio, plaintiff sued the Ohio Turnpike Commission. She filed her suit in the Common Pleas Court of Cuyahoga County.

    The diverse defendants removed the case to this court. Pending is plaintiff's motion for remand, in which she alleges that removal was improper due to the presence of the non-diverse co-defendant Commission. In response, it and the diverse plaintiffs have alleged fraudulent joinder.

    Fraudulent joinder occurs when a party has fraudulently pleaded jurisdictional facts in an effort to defeat federal diversity jurisdiction. *Rose v. Giamatti*, 721 F. Supp. 906, 914 (S.D. Ohio 1989). Fraudulent joinder arises when the removing parties "present sufficient evidence that [the plaintiff] could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am.*

*Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Thus, diversity jurisdiction is not defeated by joinder of a defendant who could not conceivably be liable. *See, e.g., Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907).

The plaintiff's complaint against the Commission alleges simply "negligence, including, but not limited to, designing, operating and/or maintaining the toll roadway." Nothing in the complaint alleges any specific negligence.[1]

Conclusory allegations of wrongdoing or misconduct are insufficient to overcome a claim of fraudulent joinder. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000); *In re Baycol Prods. Litig.*, 2004 WL 1118642, *2 (D. Minn. May 17, 2004) ("allegations asserted against these Defendants [that] are conclusory at best . . . do not defeat a finding of fraudulent joinder.").

To be sure, plaintiff contends that she is actively investigating the basis for her claim against the Turnpike Commission. But that does not relieve her of the obligation of having made some specific factual allegation in her complaint that would justify a reason to believe that she has a *bona fide* claim against the

---

[1] There is, for example, no allegation that the accident occurred at or near an insufficiently guarded construction site, or in a particular area or under specified conditions that created a danger to motorists, or that the Commission failed to warn motorists of dangers of which it had knowledge and they would not otherwise be aware. The complaint simply alleges that the Commission somehow did something, about which, apparently, the plaintiff has no present knowledge, that breached some undefined duty to the plaintiff.

Plaintiff's conclusory allegation of negligence on the part of the Commission comes close to violating the requirement of Fed. R. Civ. P. 11(b)(3) that "the allegations and other factual contentions have evidentiary support or, *if specifically so identified*, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." (Emphasis supplied).

Commission. But there is none, and that is not sufficient to overcome the defendants' claim of fraudulent joinder.

I conclude, accordingly, that the defendant Ohio Turnpike Commission has been joined solely to defeat the diversity jurisdiction that exists against the remaining defendants. It is, accordingly,

ORDERED THAT plaintiff's motion for remand be, and the same hereby is overruled; claim against Ohio Turnpike Commission dismissed.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge